Opinion by Judge WATFORD; Concurrence by Judge BEA; Dissent by Judge IKUTA.
OPINION
WATFORD, Circuit Judge:
When a debtor files for bankruptcy, the Bankruptcy Code imposes an automatic stay on virtually all actions against the debtor to collect pre-petition debts. 11 U.S.C. § 362(a). To deter violations of the automatic stay and to provide redress for those that do occur, the Code permits injured debtors to sue for “actual damages, including costs and attorneys’ fees.” § 362(k). With one exception, courts have uniformly held that this provision authorizes an award of all attorney’s fees reasonably incurred to remedy a stay violation, including fees incurred in prosecuting the damages action that § 362(k) authorizes. See, e.g., In re Repine, 536 F.3d 512, 522 (5th Cir.2008); In re Duby, 451 B.R. 664, 674-77 (1st Cir. BAP 2011).
The one exception is our decision in Sternberg v. Johnston, 595 F.3d 937 (9th Cir.2010). There, we held that § 362(k) allows a debtor to recover only those fees incurred to end the stay violation itself, not the fees incurred to prosecute a damages action. Id. at 947. Thus, under Stem-berg, once the stay violation has ended, no fees incurred after that point may be recovered. That holding has been the subject of widespread criticism. Having reconsidered the matter, we conclude that Sternberg misconstrued the plain meaning of § 362(k). To the extent it is inconsistent with this, opinion, Sternberg is overruled.
I
This case has a convoluted procedural history, which for our purposes can be briefly summarized. The debtor, Irene Schwartz-Tallard, took out a mortgage on her home in Henderson, Nevada. After filing a Chapter 13 bankruptcy petition, she continued to make her monthly mortgage payments to America’s Servicing Company (ASC), the company servicing her loan. Due to a mistake on its part, ASC wrongfully foreclosed on Sehwartz-Tallard’s home. ASC purchased the home at the foreclosure sale and promptly served Schwartz-Tallard with an eviction notice. Schwartz-Tallard filed a motion in the bankruptcy court requesting relief under 11 U.S.C. § 362(k). She sought an order requiring ASC to reconvey title to the home as well as an award of actual damages, punitive damages, and attorney’s fees. The bankruptcy court found that ASC’s actions constituted a willful violation of the automatic stay and ordered ASC to reconvey title to Schwartz-Tallard. The court also awarded Schwartz-Tallard $40,000 in economic and emotional distress damages, $20,000 in punitive damages, and $20,000 in attorney’s fees.
None of that relief is now at issue. ASC did not challenge the reconveyance order; soon after the bankruptcy court issued the order, ASC complied with it. While ASC did challenge the damages award by pursuing an appeal in the district court, the district court ultimately upheld the award, and ASC chose not to seek further review in this court.
After successfully defending the damages award on appeal, Schwartz-Tallard returned to the bankruptcy court and asked it to award her, under § 362(k), the roughly $10,000 in additional attorney’s *1098 fees she had incurred in the district court opposing ASC’s appeal. The bankruptcy court denied the motion. The court stated that although it thought Schwartz-Tallard should be entitled to recover her fees on appeal, it could not award them under Sternberg. The stay violation ended, the court explained, once ASC reconveyed title to Schwartz-Tallard. Because Schwartz-Tallard incurred all of her fees on appeal after that point, the court held that Stern-berg barred their recovery.
Schwartz-Tallard appealed, and the Bankruptcy Appellate Panel (BAP) reversed. It concluded that Sternberg does not bar an award of attorney’s fees to a debtor who successfully defends a § 362(k) damages award on appeal. In re Schwartz-Tallard, 473 B.R. 340, 350 (9th Cir. BAP 2012). A divided three-judge panel of this court affirmed. In re Schwartz-Tallard, 765 F.3d 1096 (9th Cir.2014). The majority concluded that ASC’s reconveyance of title did not end the stay violation because, on appeal, ASC continued to challenge the bankruptcy court’s determination that the automatic stay had been violated in the first place. Id. at 1102. Judge Wallace dissented. In his view, the stay violation ended once ASC reconveyed title to the home and chose not to challenge the validity of the reconveyance order on appeal. Because Schwartz-Tallard incurred all of her attorney’s fees on appeal after that point, Judge Wallace concluded that under Sternberg those fees could not be awarded. Id. at 1106 (Wallace, J., dissenting).
II
We find it unnecessary to resolve the issue that divided the three-judge panel. Rather than decide whether Sternberg’s holding extends to the facts of this case, we think the better course is to jettison Sternberg’s erroneous interpretation of § 362(k) altogether.
A
When Congress enacted the Bankruptcy Code in 1978, it included the automatic stay provision now found in § 362. At the time, the Code did not contain a provision specifically authorizing imposition of sanctions for violations of the automatic stay. Nonetheless, courts treated the automatic stay as akin to a court order and relied on their civil contempt powers to impose compensatory sanctions on creditors who knowingly violated the stay. Those sanctions sometimes included an award of the attorney’s fees the debtor incurred in prosecuting the contempt proceeding. See, e.g., In re Roman, 283 B.R. 1, 14 (9th Cir. BAP 2002); In re Zartun, 30 B.R. 543, 546 (9th Cir. BAP 1983). Although the “American Rule” usually requires parties to bear their own attorney’s fees, a common-law exception to the rule permits fee awards in litigation brought to remedy willful violations of court orders. Fleischmann Distilling Corp. v. Maier Brewing Co., 386 U.S. 714, 717-18, 87 S.Ct. 1404, 18 L.Ed.2d 475 (1967).
Perhaps to eliminate any doubt about the source of a court’s authority to remedy violations of the automatic stay, Congress enacted § 362(h) in 1984. Act of July 10, 1984, Pub.L. No. 98-353, 98 Stat. 333, 352. Congress redesignated the statute § 362(k) in 2005 and added the exception now found in paragraph (2), but its text has otherwise remained unchanged. Act of Apr. 20, 2005, Pub.L. No. 109-8, 119 Stat. 23,114. It provides in full:
(1) Except as provided in paragraph (2), an individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys’ fees, and, in appropriate circumstances, may recover punitive damages.
• (2) If such violation is based on an action taken by an entity in the good *1099 faith belief that subsection (h) applies to the debtor, the recovery under paragraph (1) of this subsection against such entity shall be limited to actual damages.
11 U.S.C. § 362(k).
In some respects the statute strengthened the remedies previously available to debtors injured by willful stay violations. It makes an award of actual damages and attorney’s fees mandatory, and grants bankruptcy, courts the discretion to impose punitive damages in appropriate cases.
B
Both parties agree that § 362(k) authorizes an award of attorney’s fees incurred in ending a violation of the automatic stay. Those fees can be incurred out of court, as when a debtor retains an attorney to call or write a creditor to demand that it end its stay-violating conduct. When those efforts fail, a debtor can also incur attorney’s fees in court by pursuing injunctive relief aimed at ending the stay violation. No one disputes that, given the statute’s explicit reference to “costs” as well as “attorneys’ fees,” at least some fees incurred in litigation are recoverable.
If that much is true, and we agree that it is, the question becomes: Did Congress intend to authorize recovery of attorney’s fees incurred in litigation for one purpose (ending the stay violation) but not for another (recovering damages)? We see nothing in the statute that suggests Congress intended to cleave litigation-related fees into two categories, one recoverable by the debtor, the other not. The statute says “including costs and attorneys’ fees,” with no limitation on the remedy for which the fees were incurred. To uphold Stern-berg ’s interpretation of § 362(k), we would have to read into the statute limiting language — something like, “including costs and attorneys’ fees incurred to end the stay violation” — that is simply not present.
Sternberg concluded that such a limitation should be inferred because the statute makes attorney’s fees recoverable only as a component of the debtor’s “actual damages,” not as attorney’s fees as such. Section 362(k) is somewhat unusual in that regard. Most statutes that deviate from the American Rule authorize the award of “a reasonable attorney’s fee” to a “prevailing party,” usually in the context of the action as a whole rather than a discrete proceeding. Baker Botts L.L.P. v. ASARCO LLC, — U.S. — , 135 S.Ct. 2158, 2164, 192 L.Ed.2d 208 (2015). Section 362(k) differs from those statutes, but if anything its phrasing signals an intent to permit, not preclude, an award of fees incurred in pursuing a damages recovery. Under the American Rule, a statutory right to recover damages ordinarily “does not include an implicit authorization to award attorney’s fees” incurred in bringing the action. Summit Valley Industries, Inc. v. Carpenters, 456 U.S. 717, 722, 102 S.Ct. 2112, 72 L.Ed.2d 511 (1982). That rule does not apply, however, “where Congress has made specific and explicit provisions for the allowance of such fees.” Id. (internal quotation marks omitted). Congress did just that in § 362(k), by stating specifically and explicitly that the debtor “shall recover actual damages, including costs and attorneys’ fees.”
Sternberg’s reading of § 362(k) might have made sense if the statute had said that an injured individual “shall recover actual damages,” period. That phrasing might well have conveyed Congress’ intent to adhere to the default rule precluding an award of attorney’s fees incurred in prosecuting the damages action itself. In this case, Congress’ contrary intent is evident not only from the explicit language of § 362(k), but also from the historical backdrop against which the statute was enacted. As noted, at the time Congress enacted § 362(k), courts were already awarding *1100 debtors the attorney’s fees incurred in prosecuting civil contempt proceedings. Far from seeking to end that practice, Congress appears to have intended to provide statutory authorization for its continuance.
We do not think the language of § 362(k) is ambiguous, but even if it were, we would then be required to decide which of the two competing readings of the statute more closely aligns with Congress’ “plan” in enacting the statute. King v. Burwell, — U.S. —, 135 S.Ct. 2480, 2496, 192 L.Ed.2d 483 (2015). That strikes us as an easy choice.
We do not have legislative history that speaks directly to Congress’ purpose in enacting § 362(k). It seems evident, however, that Congress sought to encourage injured debtors to bring suit to vindicate their statutory right to the automatic stay’s protection, one of the most important rights afforded to debtors by the Bankruptcy Code. The automatic stay provides the debtor with a “breathing spell” from the harassing actions of creditors, and it protects the interests of all creditors by preventing “dismemberment” of the debtor’s assets before the debtor can formulate a repayment plan or, in liquidation cases, the court can oversee equitable distribution of the debtor’s assets. 3 Collier on Bankruptcy ¶ 362.03 at 362-23 & n.6 (Alan N. Resnick & Henry J. Sommer eds., 16th ed.2015); see In re Bloom, 875 F.2d 224, 226 (9th Cir.1989). By providing robust remedies for debtors who prevail, the statute acts to deter creditors from violating the automatic stay in the first instance.
That legislative plan can be carried out, of course, only if injured debtors are actually able to sue to recover the damages that § 362(k) authorizes. Congress undoubtedly knew that unless debtors could recover the attorney’s fees they incurred in prosecuting an action for damages, many would lack the means or financial incentive (or both) to pursue such actions. After all, the very class of plaintiffs authorized to sue — individual debtors in bankruptcy-? — by definition will typically not have the resources to hire private counsel. And in many cases the actual damages suffered by the injured debtor will be too small to justify the expense of litigation, even if the debtor can afford to hire counsel. See Brief for National Association of Consumer Bankruptcy Attorneys as Amicus Curiae at 22. Thus,' Congress could not have expected § 362(k) to serve as an effective deterrent unless it authorized recovery of the attorney’s fees incurred in prosecuting an action for damages. In that respect, § 362(k) is no different from the many statutes Congress has enacted “making it possible for persons without means to bring suit to vindicate their rights.” Perdue v. Kenny A., 559 U.S. 542, 559, 130 S.Ct. 1662, 176 L.Ed.2d 494 (2010).
Finally, if we needed further reason to reject Sternberg’s reading of § 362(k), we could look as well to the difficulties courts have encountered in administering it. When interpreting statutes that authorize an award of attorney’s fees, we try to avoid construing them in a way that will “multiply litigation.” Commissioner v. Jean, 496 U.S. 154, 163, 110 S.Ct. 2316, 110 L.Ed.2d 134 (1990). Sternberg’s interpretation of § 362(k) violates that guiding principle. When a debtor sues under § 362(k) both for injunctive relief aimed at ending the stay violation and for damages, and the creditor does not end the violation until after litigation has ensued, Sternberg requires the bankruptcy court to sort out how much attorney time was devoted to ending the stay violation (recoverable) as opposed to pursuing damages (not recoverable). See, e.g., In re Snowden, 769 F.3d 651, 660 (9th Cir.2014). In addition, as this case well illustrates, Sternberg’s read *1101 ing of the statute can spawn further litigation over when, exactly, a stay violation actually came to an end — a matter that can be deceptively tricky to resolve. It is hard to imagine why Congress would have wanted to invité litigation over these highly factbound matters, particularly since doing so would effectively undermine, rather than advance, the statutory aims Congress sought to achieve by enacting § 362(k).
For these reasons, § 362(k) is best read as authorizing an award of attorney’s fees incurred in prosecuting an action for damages under the statute. Although § 362(k) makes such fee awards mandatory rather than discretionary, we do not think that feature of the statute will result in unnecessary litigation brought solely to drive up the award. Only an award of fees reasonably incurred is mandated by the statute; courts awarding fees under § 362(k) thus retain the discretion to eliminate unnecessary or plainly excessive fees. In re Dawson, 390 F.3d 1139, 1152 (9th Cir.2004). Sound exercise of this discretion will provide a sufficient check on any abuses that might otherwise arise.
Ill
Having determined that § 362(k) authorizes an , award of attorney’s fees incurred in prosecuting an action for damages, we can quickly dispose of this appeal. When a party is entitled to an award of attorney’s fees in the court of first instance, as Schwartz-Tallard was here, she is ordinarily entitled to recover fees incurred in successfully defending the judgment on appeal. Voice v. Stormans, Inc., 757 F.3d 1015, 1016 (9th Cir.2014). We see no reason why fee awards under § 362(k) should be subject to a different rule. Schwartz-Tallard is therefore entitled to recover the attorney’s fees reasonably incurred in opposing ASC’s appeal in the district court.
The judgment of the Bankruptcy Appellate Panel is AFFIRMED.