**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

<table>
<tr>
<td>

CHARLES B. EASLEY, SR.; PATRICIA A. EASLEY,

*Plaintiffs-Appellants*,

v.

COLLECTION SERVICE OF NEVADA,

*Defendant-Appellee.*

</td>
<td>

No. 17-16506

D.C. No.
2:15-cv-00395-LDG

OPINION

</td>
</tr>
</table>

Appeal from the United States District Court
for the District of Nevada
Lloyd D. George, Senior District Judge, Presiding

Argued and Submitted November 15, 2018
San Francisco, California

Filed December 20, 2018

Before: RAYMOND C. FISHER and MILAN D. SMITH, JR., Circuit Judges, and LAWRENCE L. PIERSOL,[*] District Judge.

Opinion by Judge Milan D. Smith, Jr.

---

[*] The Honorable Lawrence L. Piersol, United States District Judge for the District of South Dakota, sitting by designation.

**SUMMARY**[**]

**Bankruptcy**

The panel reversed the district court's order denying bankruptcy debtors' motion under 11 U.S.C. § 362(k) for attorneys' fees incurred on appeal in successfully challenging the bankruptcy court's award of attorneys' fees to debtors for a willful violation of the automatic stay.

The panel held that, in addition to authorizing the court to award reasonable attorneys' fees and costs incurred on appeal in defending a judgment rendered pursuant to § 362(k), § 362(k) also authorizes attorneys' fees and costs that the debtor incurred on appeal in successfully challenging an initial award made pursuant to § 362(k).

The panel also held that the district court abused its discretion in denying the motion for attorneys' fees on the alternative ground that the debtors failed to comply with a local rule requiring the filing of points and authorities. The panel concluded that the memorandum of points and authorities filed with the district court sufficiently clarified the attorneys' fees and costs sought in debtors' motion.

The panel reversed the order of the district court and remanded to the district court with instructions to remand to the bankruptcy court to calculate appellate attorneys' fees and costs.

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**COUNSEL**

Christopher P. Burke (argued), Las Vegas, Nevada, for Plaintiffs-Appellants.

Patricia Halstead (argued), Halstead Law Offices, Reno, Nevada, for Defendant-Appellee.

**OPINION**

M. SMITH, Circuit Judge:

The Bankruptcy Code (the Code) provides hard-pressed debtors with an opportunity to obtain some relief from their financial burdens. One critical tool in the Code aiding an orderly bankruptcy process is an automatic stay of creditor actions to collect preexisting debts from debtors who have filed for bankruptcy protection. *See* 11 U.S.C. § 362(a). The Code provides that injured debtors may sue for "actual damages, including costs and attorneys' fees" for willful violations of the stay. *Id.* § 362(k)(1). We previously held in *In re Schwartz-Tallard*, 803 F.3d 1095, 1101 (9th Cir. 2015) (en banc), that this provision authorizes the court to award reasonable attorneys' fees and costs incurred on appeal in *defending* a judgment rendered pursuant to § 362(k). We now clarify that § 362(k) also authorizes attorneys' fees and costs to the debtor incurred on appeal in successfully *challenging* an initial award made pursuant to § 362(k).

## FACTUAL AND PROCEDURAL BACKGROUND

### I.   Factual Background

Plaintiffs-Appellants Charles and Patricia Easley (Appellants) filed for Chapter 13 bankruptcy on October 31, 2012, which resulted in the imposition of an automatic stay pursuant to § 362. Appellants listed Bennett Medical Services (Bennett) as a Schedule F creditor holding unsecured, nonpriority claims for $3,535, even though Bennett had previously assigned the debt to Defendant-Appellee Collection Service of Nevada (CSN) in July 2012, and CSN had contacted Patricia Easley about the debt on September 20, 2012.

CSN, unaware of Appellants' bankruptcy proceeding, filed a collection action against Patricia Easley in July 2013. The parties set up a payment plan in August 2013, whereby Appellants paid $75 pursuant to the plan before stopping further payments. In April 2014, Appellants received a writ of execution on their earnings from CSN. On April 22, 2014, Appellants' attorney sent a fax to CSN's attorney demanding that CSN stop the garnishment in light of Appellants' bankruptcy. Still, CSN garnished wages from Patricia Easley on April 25, May 9, May 23, and June 9, 2014. CSN attempted to stop the garnishment on May 12, 2014 by faxing a release of execution to Patricia Easley's employer and the Las Vegas Constable, but the garnishment continued for several weeks more until CSN faxed another notice to Patricia Easley's employer and the Las Vegas Constable.

## II. Procedural Background

### A.  Initial Proceedings

On June 13, 2014, Appellants filed a motion for contempt against CSN because of its violation of the automatic stay.  The bankruptcy court granted Appellants' unopposed motion on August 7, 2014.  After an evidentiary hearing, the bankruptcy court found that CSN had willfully violated the stay, and it awarded $1,295 in damages to Appellants, in addition to $1,277 for attorneys' fees and costs.  Appellants appealed the damages and attorneys' fees award.

While Appellants' appeal to the district court was pending, we decided *Schwartz-Tallard*.  Appellants did not make the argument to the district court that § 362(k) is properly interpreted as awarding attorneys' fees and costs incurred in prosecuting damages.  Instead, they simply argued that the bankruptcy court erred in failing to account for several days of attorneys' work needed to end the stay violation.

The district court affirmed the actual damages award, but remanded to the bankruptcy court the attorneys' fees calculation in light of *Schwartz-Tallard*.  The bankruptcy court then awarded attorneys' fees and costs of $16,324.40, in addition to the $1,277 initially awarded.  The bankruptcy court refused to award attorneys' fees and costs incurred on appeal, claiming it lacked jurisdiction due to a pending application for these fees before the district court.

### B.  The District Court's Decision

On June 29, 2017, the district court denied Appellants' motion for attorneys' fees and costs for appellate work.  The

court concluded that Appellants failed to file points and authority pursuant to Local Rule 7-2(d). The court noted that it "cannot determine which fees appellant[s] [are] seeking because the appellant[s] did not properly segregate their fees for the relief they have received," and therefore denied the motion.

Alternatively, the court concluded that § 362(k) does not allow for recovery of appellate work when a party is prosecuting, and not defending, the judgment on appeal. The court cited *Schwartz-Tallard* when commenting, "[A] party is entitled to an award of attorney's fees if they [sic] succeed in correcting the stay and then are successful in defending the judgment on appeal." The district court reasoned that because *Appellants* appealed the bankruptcy court's award of fees and costs, not CSN, Appellants could not recover their fees pursuant to § 362(k).

Appellants timely appealed to our court.

**JURISDICTION AND STANDARD OF REVIEW**

"The rulings of the district courts regarding local rules are reviewed for abuse of discretion." *All. of Nonprofits for Ins., Risk Retention Grp. v. Kipper*, 712 F.3d 1316, 1327 (9th Cir. 2013) (quoting *Prof'l Programs Grp. v. Dep't of Commerce*, 29 F.3d 1349, 1353 (9th Cir. 1994)). The district court's decision whether to award attorneys' fees is also reviewed for abuse of discretion. *Shaw v. City of Sacramento*, 250 F.3d 1289, 1293–94 (9th Cir. 2001). However, when the principal issue raised on appeal is legal in nature, we review the district court's award de novo. *Harris v. Maricopa Cty. Superior Court*, 631 F.3d 963, 970 (9th Cir. 2011). We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.

## ANALYSIS

### I.  Local Rule 7-2(d)

The district court initially denied Appellants' motion pursuant to District of Nevada Civil Local Rule 7-2(d), which reads,

> The failure of a moving party to file points and authorities in support of the motion constitutes a consent to the denial of the motion.  The failure of an opposing party to file points and authorities in response to any motion, except a motion under Fed. R. Civ. P. 56 or a motion for attorney's fees, constitutes a consent to the granting of the motion.

D. Nev. Civ. R. 7-2(d).  "Only in rare cases will we question the exercise of discretion in connection with the application of local rules."  *United States v. Warren*, 601 F.2d 471, 474 (9th Cir. 1979).

This is one of those rare cases.  The record shows that Appellants clearly indicated that the attorneys' fees and costs requested pertained solely to the appeal, and did not need to be further segregated.  The itemized attorneys' fees provided in appellants' motion begins with "Prepare Notice of Appeal," dated March 4, 2015.  The entries continue through October 14, 2016 with additional, clear references to appellate work: "Prepare Exhibits for Appeal," "Meet w/ clients re: status of appeal," "Prepare a FRAP 28j Letter of Supplemental Authority re: Schwartz-Tallard," and "Meet w/ client re: appeal and order."  The dates and entries clearly involve appeals work completed by Appellants' attorney, Christopher P. Burke.  Further, Exhibit A is Burke's

declaration, in which he states, "[M]y total fees and cost *for this appeal* are $14,208.75." A quick reference back to the itemized sheet would show an equal number listed as "Total Fees." The memorandum of points and authorities is unambiguously labeled a "motion for attorney fees and cost for appellate work," and it repeatedly makes clear that the Easleys were seeking fees solely "for work on this appeal," "for this appeal" and for "all of the appellate work."

Accordingly, the points and authorities filed with the district court sufficiently clarify the attorneys' fees and costs sought in Appellants' motion, and we therefore conclude that the district court abused its discretion when it denied the motion pursuant to Local Rule 7-2(d).

## II. Appellate Attorneys' Fees and Costs

The district court also denied the motion because of its understanding of *Schwartz-Tallard.* Under the "American Rule," we follow "a general practice of not awarding fees to a prevailing party absent explicit statutory authority." *Key Tronic Corp. v. United States*, 511 U.S. 809, 819 (1994). The relevant provision in the Code specifically authorizes attorneys' fee awards to the debtor to remedy willful violations of the automatic stay:

> Except as provided in paragraph (2), an individual injured by any willful violation of a stay provided by this section shall recover actual damages, including *costs and attorneys' fees*, and, in appropriate circumstances, may recover punitive damages.

11 U.S.C. § 362(k)(1) (emphasis added).

Previously, we interpreted § 362(k)(1) as limiting attorneys' fees and costs awards to those incurred in stopping a stay violation. "Once the violation has ended, any fees the debtor incurs after that point in pursuit of a damage award would not be to compensate for 'actual damages' under § 362(k)(1)," and thus fees incurred pursuing damages for a stay violation were not recoverable under the statute. *Sternberg v. Johnston*, 595 F.3d 937, 947 (9th Cir. 2010). However, *Schwartz-Tallard* overruled *Sternberg* in 2015. In *Schwartz-Tallard*, a creditor wrongly foreclosed on a debtor's home in violation of the automatic stay. 803 F.3d at 1097. The bankruptcy court awarded punitive damages and economic and emotional damages, as well as attorneys' fees and costs. *Id.* The creditor appealed the damages award, but the district court affirmed. *Id.* The debtor returned to the bankruptcy court and filed a motion for attorneys' fees and costs incurred on appeal to the district court. *Id.* at 1097–98. The bankruptcy court, relying on *Sternberg*, denied the motion, but the Bankruptcy Appellate Panel (BAP) reversed on appeal. *Id.* at 1098.

We affirmed the ruling of the BAP and held that "§ 362(k) is best read as authorizing an award of attorney's fees [and costs] incurred in prosecuting an action for damages under the statute." *Id.* at 1101. Our holding changed what *Sternberg* concluded were recoverable attorneys' fees and costs because we determined that is what Congress intended. As we explained, "Congress undoubtedly knew that unless debtors could recover the attorney's fees they incurred in prosecuting an action for damages, many would lack the means or financial incentive (or both) to pursue such actions." *Id.* at 1100. Allowing for attorneys' fees and costs while prosecuting an action for damages is likely the only way debtors in bankruptcy can afford to pursue damages. As is the case here, damages

themselves may be too limited to justify an action if attorneys' fees and costs in pursuit of those damages are not recoverable. We then addressed the specific circumstances at issue in *Schwartz-Tallard* and held that "[w]hen a party is entitled to an award of attorney's fees in the court of first instance, as [debtor] was here, she is ordinarily entitled to recover fees incurred in successfully defending the judgment on appeal." *Id.* at 1101.

Here, the district court relied on this language from *Schwartz-Tallard* and held that Appellants should not be awarded attorneys' fees and costs for their appeal since *they* appealed to the district court, not CSN. We disagree.

*Schwartz-Tallard* reasoned that § 362(k)(1) operates as a fee-shifting statute, albeit where only one party, the debtor, can collect attorneys' fees and costs. *See Blixseth v. Yellowstone Mountain Club, LLC*, 854 F.3d 626, 629 n.3 (9th Cir. 2017) ("*Schwartz-Tallard* . . . read[] § 362(k) as a fee-shifting provision rather than as a damages provision."). Unlike most fee-shifting statutes, the language does not explicitly refer to a "prevailing party." *Baker Botts L.L.P. v. ASARCO LLC*, 135 S. Ct. 2158, 2164 (2015) ("Although [. . . 's]tatutory changes to [the American Rule] take various forms,' they . . . usually refer to a 'prevailing party' in the context of an adversarial 'action.'" (second and third alterations in original) (citation omitted) (quoting *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 253 (2010))). Still, § 362(k)'s "phrasing signals an intent to permit, not preclude, an award of fees incurred in pursuing a damages recovery." 803 F.3d at 1099. The statute clearly provides for damages *and* attorneys' fees and costs for an injured debtor when a creditor violates the automatic stay.

Section 362(k)(1) also serves a deterrent function much like many fee-shifting statutes. *See City of Burlington v.*

*Dague*, 505 U.S. 557, 574–75 (1992) (Blackmun, J., dissenting) ("Congress intended the fee-shifting statutes to serve as an integral enforcement mechanism in a variety of federal statutes."). Imposition of damages and attorneys' fees and costs is essential to deter creditors from violating an automatic stay and protect debtors' assets for proper adjudication through the bankruptcy process. Recovery of attorneys' fees and costs is especially critical in the bankruptcy context where debtors lack the means to otherwise pursue their damages.

Additionally, fee-shifting statutes allow for recovery of attorneys' fees incurred in establishing a party's claim for fees. *In re Nucorp Energy, Inc.*, 764 F.2d 655, 659–60 (9th Cir. 1985) ("In statutory fee cases, federal courts, including our own, have uniformly held that time spent in establishing the entitlement to and amount of the fee is compensable."). This principle ensures that the fee award is not diluted by the time and effort spent on the claim itself, *see In re S. California Sunbelt Developers, Inc.*, 608 F.3d 456, 463 (9th Cir. 2010) ("[I]t would be inconsistent to dilute a fees award by refusing to compensate attorneys for the time they reasonably spent in establishing their rightful claim to the fee." (quoting *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 981 (9th Cir. 2008))), and includes appellate attorneys' fees when a party successfully challenges the district court's award or when a party successfully defends a favorable judgment on appeal. *See Nucorp Energy*, 764 F.2d at 660; *Se. Legal Def. Grp. v. Adams*, 657 F.2d 1118, 1126 (9th Cir. 1981).

Most fee-shifting statute cases that award appellate attorneys' fees do so for successfully defending a judgment on appeal. Indeed, almost every case cited by Appellants that awarded appellate attorneys' fees after a favorable

judgment involved a party defending that judgment on appeal. *See Legal Voice v. Stormans Inc.*, 757 F.3d 1015, 1016–17 (9th Cir. 2014); *Planned Parenthood of Cent. & N. Ariz. v. Arizona*, 789 F.2d 1348, 1354 (9th Cir. 1986). Significantly, *Schwartz-Tallard* also reached this outcome after carefully considering the purpose of § 362(k). If a creditor unsuccessfully appeals a bankruptcy court's judgment in favor of a debtor, it stands to reason that the party who violated the stay should continue to pay for its harmful behavior by compensating the debtor for its appellate attorneys' fees and costs.

Notably, courts also grant appellate attorneys' fees in fee-shifting statute cases when, as here, parties successfully challenge initial judgments on appeal. *See e.g.*, *Christensen v. Dir., Office of Workers Comp. Programs*, 576 F.3d 976, 978 (9th Cir. 2009) (granting appellate attorney's fees after successful challenge of trial level attorney fees under 33 U.S.C. § 928(a)); *N.A.A.C.P., W. Region v. City of Richmond*, 743 F.2d 1346, 1358–59 (9th Cir. 1984) (awarding trial and appellate attorneys' fees under 42 U.S.C. § 1988 where plaintiffs succeeded on appeal after losing at trial); *Zinna v. Congrove*, 755 F.3d 1177, 1179 (10th Cir. 2014) (concluding plaintiff was entitled to appellate attorneys' fees after remanding district court's improper calculation of trial level attorneys' fees). Indeed, we are not aware of any authority suggesting that, although fees may be awarded under a fee-shifting statute for defending a judgment on appeal, they are not available for successfully challenging a judgment as inadequate. As noted, the firmly established principle is that "attorneys fees may be awarded for time devoted in successfully defending appeals of *or challenges to* the district court's award of attorneys fees." *Se. Legal Def. Grp.*, 657 F.2d at 1126 (emphasis added).

Although we are unaware of any previous case that has analyzed § 362(k)'s application of this principle, the purpose of § 362(k) strongly favors the outcome we now reach. Section 362(k) provides relief for debtors in the form of damages and attorneys' fees and costs when a creditor willfully violates an automatic stay.  And, as previously noted, the provision of attorneys' fees and costs is critically important for "the very class of plaintiffs authorized to sue— individual debtors in bankruptcy—[who] by definition will typically not have the resources to hire private counsel." *Schwartz-Tallard*, 803 F.3d at 1100.  Section 362(k) thus seeks to make debtors whole, as if the violation never happened, to the degree possible.  This reasonably includes awarding attorney's fees and costs on appeal to a successful debtor, even when a debtor must bring the appeal.

## CONCLUSION

Section 362(k) seeks to make debtors whole when a creditor willfully violates an automatic stay.  This requires creditors to pay debtors reasonable damages and attorneys' fees and costs incurred in remedying the violation.  When an appeal is necessary to secure such damages and attorneys' fees and costs, appellate attorneys' fees and costs should also be granted to a successful debtor, regardless of which party brings the appeal.

Accordingly, we REVERSE the order of the district court and REMAND to the district court with instructions to remand to the bankruptcy court to calculate appellate attorneys' fees and costs, as Appellants successfully challenged the bankruptcy court's award.