**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 27 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ALBINA GREGORIEVNA LUMETTA, | No. 17-55722 |
| Plaintiff-Appellant, | D.C. No. 3:16-cv-01817-AJB-JLB |
| v. | |
| ARBORLAKE HOMEOWNERS ASSOCIATION, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Southern District of California
Anthony J. Battaglia, District Judge, Presiding

Argued and Submitted November 9, 2018
Pasadena, California

Before: RAWLINSON, MELLOY,** and HURWITZ, Circuit Judges.

Albina Gregorievna Lumetta obtained a discharge under 11 U.S.C. § 727 in

2015. Later that year, she applied for an order to show cause ("OSC") why

Arborlake Homeowners Association ("Arborlake") should not be held in contempt

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Michael J. Melloy, United States Circuit Judge for the U.S. Court of Appeals for the Eighth Circuit, sitting by designation.

of court and sanctioned for violating the discharge order. Arborlake had resumed a pre-bankruptcy, state-court collection action against Lumetta and her husband after the discharge, but at all times expressly represented to the state court that Lumetta's debt had been discharged and that it sought relief only against the husband. The bankruptcy court tentatively granted the application before holding several hearings on the matter. After the hearings, the bankruptcy court reversed course and denied the application. The district court affirmed. We have jurisdiction to review the district court's order under 28 U.S.C. § 158, and we affirm.

1.      The bankruptcy court did not abuse its discretion when it denied Lumetta's OSC application. Arborlake may have committed a technical violation of the discharge injunction, but the bankruptcy court was not obligated to issue sanctions for such a violation. Rather, bankruptcy courts have broad discretion to decide whether to impose sanctions. *See Renwick v. Bennett (In re Bennett)*, 298 F.3d 1059, 1069 (9th Cir. 2002) ("[T]he bankruptcy court clearly *had discretion* to impose sanctions under section 105(a)." (emphasis added)). Given the minor nature of the violation of the discharge order here, the bankruptcy court did not abuse that discretion. *See United States v. Hinkson*, 585 F.3d 1247, 1262 (9th Cir. 2009) (en banc) (explaining that a court abuses its discretion when it applies an incorrect legal rule or when its "application of the correct legal standard was (1) 'illogical,' (2) 'implausible,' or (3) without 'support in inferences that may be drawn from the facts

2

in the record.'" (quoting *Anderson v. City of Bessemer City*, 470 U.S. 562, 577 (1985))).

2. The bankruptcy court also did not abuse its discretion nor fail to comply with any applicable procedural rule in holding hearings and in denying Lumetta's request for further discovery before declining to issue the OSC.

**AFFIRMED.**

***Lumetta v. Arborlake Homeowners Ass'n***, No. 17-55722
**Rawlinson, Circuit Judge, dissenting:**

I respectfully dissent.  In my view, the bankruptcy court abused its discretion when it failed to hold Arborlake Homeowners Association in contempt despite a blatant violation of the discharge order.

Although arising in the context of 11 U.S.C. § 362, we have rejected the assertion that an attorney is excused from liability for violating the automatic stay based on a state court's directives.  *See Sternberg v. Johnston*, 595 F.3d 937, 945 (9th Cir. 2010), *as amended, overruled on other grounds by Am. Servicing Co. v. Schwartz-Tallard* (*In re Schwartz-Tallard*), 803 F.3d 1095, 1100 (9th Cir. 2015) (en banc).

In *Sternberg*, we held that "the law required [counsel] to take corrective action" when confronted with a state court order contravening the automatic stay. *Id.* at 944.  We emphasized that "[t]o comply with his affirmative duty under the automatic stay, [counsel] needed to do what [she] could to relieve the violation.... At a minimum, [she] had an obligation to alert" the state court "to the conflicts between the order and the automatic stay."  *Id.* at 945 (internal quotation marks omitted).

As with the automatic stay, the discharge injunction "is intended to give the

1

debtor a breathing spell from his creditors." *Id.* (citation omitted). As in *Sternberg*, the state court order "intruded upon [Lumetta's] breathing spell" and counsel for Arborlake Homeowners Association "did not act to try to fix that problem." *Id.*

We noted in *Sternberg* that it was not necessary for the debtor to ask for modification of the order or for the creditor to make a collection effort for the violation to be willful. *See id.* Rather, failure to alert the state court "to the obvious conflicts between the [state court order and the discharge order]" constituted a willful violation. *Id. see also Burton v. Infinity Capital Mgmt.*, 862 F.3d 740, 747 (9th Cir. 2017) (similarly recognizing that "the automatic stay imposes on non-debtor parties an affirmative duty of compliance, which includes alerting the court of potential conflicts between an order and the automatic stay") (citation and internal quotation marks omitted). No principled basis exists to treat violation of a discharge order any differently. I respectfully dissent.

2