# United States Court of Appeals for the Federal Circuit

---

**KEITH MANUFACTURING CO.,**
*Plaintiff-Appellee*

**v.**

**LARRY D. BUTTERFIELD,**
*Defendant-Appellant*

---

2019-1136

---

Appeal from the United States District Court for the District of Oregon in No. 3:15-cv-02008-SI, Judge Michael H. Simon.

---

Decided: April 7, 2020

---

BRUCE KASER, Vantage Law PLLC, Seattle, WA, argued for plaintiff-appellee.

SHAWN KOLITCH, Kolitch Romano LLP, Portland, OR, argued for defendant-appellant.

---

Before TARANTO, CLEVENGER, and HUGHES, *Circuit Judges*.

HUGHES, *Circuit Judge*.

Keith Manufacturing Co. brought this lawsuit against Larry D. Butterfield in the United States District Court for the District of Oregon.  Eighteen months after the litigation began, the parties filed a stipulation to dismiss all claims with prejudice under Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure.  Shortly after, Mr. Butterfield filed a motion for attorney's fees under Rule 54 of the Federal Rules of Civil Procedure.  The district court denied the motion because there was no judgment sufficient for a Rule 54 motion.  In particular, the district court reasoned that under the Supreme Court's decision in *Microsoft Corp. v. Baker*, 137 S. Ct. 1702 (2017), a voluntary dismissal with prejudice is not a "judgment" as required by Rule 54(d).  But in our view, *Microsoft* is inapplicable because judgment in the context of Rule 54 does not raise the same concerns about finality and piecemeal litigation that animated the Supreme Court's opinion in *Microsoft*.  Therefore, we vacate the district court's decision and remand for further proceedings.[1]

I

In October 2015, Keith Manufacturing Co. filed this lawsuit against its former employee, Mr. Butterfield, after he filed a patent application for what eventually issued as U.S. Patent No. 9,126,520.  Keith alleged that the '520 patent was based on inventions made during Mr. Butterfield's employment.  Keith asserted five claims against Mr. Butterfield related to the '520 patent: (1) declaratory judgment of noninfringement; (2) declaratory judgment of invalidity; (3) state-law breach of contract; (4) state-law misappropriation of trade secrets; and (5) correction of inventorship to add Keith employees as named inventors.

---

[1]    Keith has filed a motion for sanctions arguing that Mr. Butterfield's appeal is frivolous.  The motion is denied.

In May 2016, Mr. Butterfield sent Keith a covenant not to sue and then filed a motion to dismiss the first four claims. Mr. Butterfield argued that the covenant not to sue mooted the declaratory judgment claims. He also argued that both the applicable statutes of limitation and the doctrine of laches barred the state-law claims. The district court granted the motion in part, dismissing the declaratory judgment claims but allowing the state-law claims to proceed.

In April 2017, the parties filed a stipulation of dismissal with prejudice pursuant to Rule 41(a)(1)(A)(ii). Such a dismissal requires no court order. *See* Fed. R. Civ. P. 41(a)(1)(A)(ii). The stipulation was silent as to costs and attorney's fees. Twelve days later, Mr. Butterfield moved for attorney's fees under Fed. R. Civ. P. 54(d), Or. Rev. Stat. § 20.096, Or. Rev. Stat. § 646.467, and 35 U.S.C. § 285.

In its order denying attorney's fees, the district court held that Rule 54 requires a judgment, which the Rule defines as "a decree and any order from which an appeal lies." *Keith Mfg., Co. v. Butterfield*, 256 F. Supp. 3d 1123, 1127 (D. Or. 2017) (quoting Fed. R. Civ. P. 54(a)). The district court then held that the parties' stipulation to dismiss with prejudice did not satisfy Rule 54's judgment requirement because under *Microsoft*, a stipulation to dismiss with prejudice is not an appealable order. *Id.* at 1130.

Mr. Butterfield now appeals. We have jurisdiction under 28 U.S.C. § 1295(a)(1).

## II

In cases involving questions of law not assigned to the Federal Circuit, we apply the law of the regional circuit. *Panduit Corp. v. All States Plastic Mfg. Co.*, 744 F.2d 1564, 1574−75 (Fed. Cir. 1984). Though the Ninth Circuit reviews a district court's decision to deny a motion for attorney's fees for abuse of discretion, it reviews questions of law

underlying the district court's decision de novo. *Skaff v. Meridien N. Am. Beverly Hills, LLC*, 506 F.3d 832, 837 (9th Cir. 2007) (reviewing the district court's decision on standing de novo); *see also Easley v. Collection Serv. of Nevada*, 910 F.3d 1286, 1289 (9th Cir. 2018) ("[W]hen the principal issue raised on appeal is legal in nature, [the Ninth Circuit] review[s] the district court's award de novo."). Therefore, here we review the district court's application of *Microsoft* de novo.

## III

We begin our analysis with the requirements of Rule 54. A claim for attorney's fees "must be made by motion unless the substantive law requires those fees to be proved at trial as an element of damages." Fed. R. Civ. P. 54(d)(2)(A). Rule 54 motions must: "(i) be filed no later than 14 days after the entry of judgment; [and] (ii) specify the judgment and the statute, rule, or other grounds entitling the movant to the award." Fed. R. Civ. P. 54(d)(2)(B)(i)–(ii). "'Judgment' as used in these rules includes a decree and any order from which an appeal lies." Fed. R. Civ. P. 54(a).

The issue the district court considered here is whether the stipulated dismissal with prejudice constitutes a judgment for the purposes of Rule 54. Although Rule 54(d) "posits a relationship between a judgment and its appealability," *Castro Cty., Tex. v. Crespin*, 101 F.3d 121, 128 (D.C. Cir. 1996), this relationship exists for the prudential purpose of minimizing piecemeal appellate litigation, not because a shared technical construction mandates the relationship. Rule 54(d)(2)(B) was promulgated to "enable[] the court . . . to make its ruling on a fee request in time for any appellate review of a dispute over fees to proceed at the same time as review on the merits of the case," Fed. R. Civ. P. 54 advisory committee's note to 1993 amendment, in service of "minimiz[ing] the need for piecemeal appeals," *see Weyant v. Okst*, 198 F.3d 311, 314 (2d Cir. 1999).

Similarly, the finality requirement of 28 U.S.C. §§ 1291 and 1295 is "designed to guard against piecemeal appeals." *Microsoft*, 137 S. Ct. at 1707. "[F]inality is to be given a practical rather than a technical construction." *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 171 (1974) (internal quotation omitted). The "final decision" inquiry of §§ 1291 and 1295 "requires some evaluation of the competing considerations underlying all questions of finality—the inconvenience and costs of piecemeal review on the one hand and the danger of denying justice by delay on the other." *Id.* (internal quotation omitted).

In *Microsoft*, the Supreme Court reasoned that allowing a class-action plaintiff to manufacture finality using a voluntary dismissal with prejudice would allow her to circumvent § 1291 by "stopping and starting the district court proceedings with repeated interlocutory appeals." 137 S. Ct. at 1713. It would also contravene the reasoned decision-making behind, and "careful calibration" of, Rule 23(f). *Id.* at 1714. Finally, it would discriminate against defendants, who may want to immediately appeal an adverse certification ruling as much as any plaintiff but would be unable to do so. *Id.* at 1715.

Given their common purpose, it is unsurprising that "judgment" in the context of Rule 54 is often congruent to a "final decision" under § 1291. *See Crespin*, 101 F.3d at 128. They are not, however, equivalent. The definition of judgment in Rule 54 indicates that some non-appealable orders can still constitute a judgment. Rule 54(a) states that judgment "*includes* . . . any order from which an appeal lies," (emphasis added), not that judgment *is* any order from which an appeal lies. This inclusive language reveals that Rule 54 "judgment" includes more than just appealable orders.

Although the scope of Rule 54 "judgment" is broader than a § 1291 final decision, their shared purpose and general congruity mean that § 1291 can still inform the proper

scope of Rule 54. But the district court's reliance on *Microsoft*'s § 1291 analysis went too far because the concerns that animated the Supreme Court's *Microsoft* decision are not present here. First, treating a voluntary stipulation with prejudice as a judgment for purposes of attorney's fees under Rule 54 will not invite parties to engage in piecemeal appellate litigation. The joint stipulation means that, except under rare circumstances, there will not be an appeal on the merits; only the attorney's fees issue remains. Second, because this case is not a class action, it will not undermine class action procedure. And because both parties can move for attorney's fees, permitting a Rule 54(d) motion for attorney's fees after a stipulated dismissal will not affect the overall balance of litigation.

The Tenth Circuit reached a similar conclusion in *Xlear, Inc. v. Focus Nutrition, LLC*, 893 F.3d 1227, 1235−36 (10th Cir. 2018), when it considered whether *Microsoft* should be extended to preclude attorney's fees after a Rule 41(a)(1)(A)(ii) stipulation of dismissal. The Tenth Circuit also found *Microsoft* inapplicable, reasoning that it "address[es] the narrow situation where a hopeful class action plaintiff uses a stipulation of dismissal as a tactic to overcome the limitations placed on appellate jurisdiction by 28 U.S.C. § 1291." *Id.* at 1236.

Keith raises additional grounds for affirming the district court's decision, including the propriety of awarding fees in this case and whether a self-executing stipulation that the court plays no role in entering constitutes a judgment. We decline to address these grounds at this time because they were not part of the district court's holding.

We have considered Keith's remaining arguments and find them unpersuasive. We vacate the judgment of the District Court for the District of Oregon and remand for further proceedings consistent with this opinion.

**VACATED AND REMANDED**