NOT FOR PUBLICATION

**FILED**

FEB 4 2021

SUSAN M. SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

# UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re:<br>WILLIE N. MOON and ADNETTE M.<br>GUNNELS-MOON,<br>        Debtors. | BAP No.  NV-20-1195-BFL<br><br>Bk. No. 13-12466-MKN |
| RUSHMORE LOAN MANAGEMENT<br>SERVICES, LLC,<br>        Appellant,<br>v.<br>WILLIE N. MOON; ADNETTE M.<br>GUNNELS-MOON,<br>        Appellees. | MEMORANDUM[1] |

Appeal from the United States Bankruptcy Court
for the District of Nevada
Mike K. Nakagawa, Bankruptcy Judge, Presiding

Before: BRAND, FARIS, and LAFFERTY, Bankruptcy Judges.

---

[1] This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have, *see* Fed. R. App. P. 32.1, it has no precedential value, *see* 9th Cir. BAP Rule 8024-1.

1

## INTRODUCTION

Appellant Rushmore Loan Management Services, LLC ("Rushmore") appeals an order granting the debtors' supplemental motion for attorney's fees under § 362(k)(1).[2] We VACATE and REMAND.

## FACTS

After reopening their bankruptcy case, chapter 13 debtors Willie N. Moon and Adnette M. Gunnels-Moon filed a motion seeking to hold Rushmore in contempt for violation of the automatic stay and the discharge injunction.

On February 25, 2020, the bankruptcy court entered an Order and Memorandum Decision granting the Moons' contempt motion and awarding them $100,742.10[3] in compensatory damages and $200,000 in punitive damages for Rushmore's willful violation of the automatic stay under § 362(k)(1).[4] *In re Moon*, 613 B.R. 317, 361 (Bankr. D. Nev. 2020). The court further awarded the Moons their attorney's fees and costs in an amount to be determined upon proof. The court declined to award the Moons any damages for Rushmore's violation of the discharge injunction. Rushmore appealed the bankruptcy court's decision to the BAP, challenging primarily the Moons' compensatory and punitive damage award. The Moons cross-appealed,

---

[2] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532.

[3] Out of this amount, $100,000 was awarded to Mr. Moon for his emotional distress.

[4] Section 362(k)(1) provides, "an individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages."

challenging the bankruptcy court's decision to deny damages for Rushmore's discharge injunction violation.

Soon thereafter, the Moons sought the attorney's fees and costs they incurred in the contempt proceeding against Rushmore under § 362(k)(1) ("First Fee Motion"). They also requested a fee enhancement multiplier of 1.5.

Rushmore opposed the First Fee Motion, arguing that the Moons had not "incurred" any attorney's fees as "actual damages" under § 362(k)(1), because there was no agreement obligating them to pay their attorney, Mr. Christopher P. Burke. Rushmore also argued that if the court was inclined to award the Moons their attorney's fees, any award should be limited to time spent on their stay violation claim.

After a hearing, the bankruptcy court granted the First Fee Motion, awarding the Moons their requested attorney's fees and costs of $67,007.94 under § 362(k)(1) ("First Fee Order"). The court denied the Moons' request for a fee enhancement. Rushmore appealed the First Fee Order to the BAP. The Moons cross-appealed the bankruptcy court's decision denying their request for a fee enhancement.

On appeal, the Panel reversed the bankruptcy court's decision with respect to the $100,000 awarded to Mr. Moon for his emotional distress, and vacated and remanded the $200,000 punitive damages award for further consideration by the bankruptcy court in light of the significantly reduced compensatory award. The Panel affirmed the bankruptcy court's decision denying the Moons damages for Rushmore's discharge injunction violation.

3

*See Rushmore Loan Mgmt. Servs., LLC v. Moon (In re Moon)*, BAP Nos. NV-20-1057-BGTa & NV-20-1070-BGTa, 2021 WL 62629 (9th Cir. BAP Jan. 7, 2021).

As for the First Fee Order, the Panel agreed that the Moons were entitled to attorney's fees and costs under § 362(k)(1), despite that Mr. Burke represented them on a contingent fee basis and they had no personal obligation to pay him for his services. However, the Panel vacated and remanded the First Fee Order for two reasons: (1) the bankruptcy court did not explain why it awarded attorney's fees under § 362(k)(1) for what appeared to be time spent on the Moons' failed discharge injunction violation claim under § 524(a)(2); and (2) given the Panel's reversal of Mr. Moon's damage award and remand of the punitive damages award for further review, the Panel believed it was appropriate to allow the bankruptcy court to reconsider the amount of the attorney's fee award and whether a fee enhancement was appropriate. *See Rushmore Loan Mgmt. Servs., LLC v. Moon (In re Moon)*, BAP Nos. NV-20-1144-BTaF & NV-20-1155-BTaF, 2021 WL 62630 (9th Cir. BAP Jan. 7, 2021).

While the above appeals were pending, the Moons filed a supplemental fee motion requesting an additional $3,500 in attorney's fees ("Supplemental Fee Motion"). That is the subject of the instant appeal. The Moons incurred these fees for time spent defending against Rushmore's opposition to the First Fee Motion. Rushmore opposed the Supplemental Fee Motion, raising the same arguments it raised in opposition to the First Fee Motion.

4

The bankruptcy court entered an order granting the Supplemental Fee Motion in full under § 362(k)(1) ("Supplemental Fee Order"). Rushmore timely appealed.

## JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(1) and (2)(A). We have jurisdiction under 28 U.S.C. § 158.

## ISSUE

Did the bankruptcy court abuse its discretion in awarding the Moons their supplemental attorney's fees under § 362(k)(1)?

## STANDARD OF REVIEW

We review for abuse of discretion an award of attorney's fees under § 362(k). *Easley v. Collection Serv. of Nev.*, 910 F.3d 1286, 1289 (9th Cir. 2018). The bankruptcy court abuses its discretion if it applies the wrong legal standard or its findings of fact are clearly erroneous. *Olomi v. Tukhi (In re Tukhi)*, 568 B.R. 107, 112-13 (9th Cir. BAP 2017) (citing *United States v. Hinkson*, 585 F.3d 1247, 1261-62 (9th Cir. 2009) (en banc)).

## DISCUSSION

An award of costs and attorney's fees is mandatory upon a finding that the stay was willfully violated. *Ramirez v. Fuselier (In re Ramirez)*, 183 B.R. 583, 589 (9th Cir. BAP 1995) ("The words 'shall recover' indicate that Congress intended that the award of actual damages, costs and attorney's fees be mandatory upon a finding of a willful violation of the stay.") (citing *Tsafaroff v. Taylor (In re Taylor)*, 884 F.2d 478, 483 (9th Cir. 1989); *Sansone v. Walsworth*

*(In re Sansone)*, 99 B.R. 981, 987 (Bankr. C.D. Cal. 1989)). Further, attorney's fees and costs are recoverable by the debtor for successfully prosecuting an action for damages under § 362(k)(1). *Am.'s Servicing Co. v. Schwartz-Tallard (In re Schwartz-Tallard)*, 803 F.3d 1095, 1101 (9th Cir. 2015) (en banc).

Rushmore challenges the bankruptcy court's award of the Moons' supplemental attorney's fees on the same grounds upon which it challenged the First Fee Order, namely, that the Moons did not incur any fees because there was no agreement obligating them to pay their attorney. Another Panel has rejected that argument, and so do we. Rushmore further argues that not all of the fees should be recoverable under § 362(k)(1), since at least some of them were incurred pursuing fees and costs related to discharge violations.

While the Panel agreed that the Moons were entitled to attorney's fees and costs, it vacated and remanded the First Fee Order for further findings and consideration by the bankruptcy court given the court's sparse analysis as to why the entire fee award was appropriate under § 362(k)(1) and the Panel's decision respecting the Moons' damages award. Consequently, because the two fee orders are so closely related, we believe it appropriate to vacate and remand the Supplemental Fee Order for further consideration by the bankruptcy court.

## CONCLUSION

For the reasons stated above, we VACATE and REMAND the Supplemental Fee Order.