**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re:  LATASHA DENELL MITCHELL, | No.    21-60050 |
| Debtor, | BAP No. 21-1010 |
| ------------------------------ | |
| LATASHA RICHARDSON, AKA LaTasha Denell Mitchell, | MEMORANDUM* |
| Appellant, | |
| v. | |
| SELECT PORTFOLIO SERVICING, INC., | |
| Appellee. | |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Lafferty III, Brand, and Taylor, Bankruptcy Judges, Presiding

Submitted March 28, 2023**
San Francisco, California

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before: GOULD and IKUTA, Circuit Judges, and KORMAN,*** District Judge.

Latasha Richardson appeals from the Bankruptcy Appellate Panel's (BAP) judgment (1) affirming the bankruptcy court's denial of a discharge injunction violation under 11 U.S.C. § 524(a)(2) and (2) holding that the violation of the automatic stay under 11 U.S.C. § 362(a) was harmless. We have jurisdiction under 28 U.S.C. § 158(d), and we affirm in part and reverse in part.

The BAP did not err in holding that, although Select Portfolio Servicing, Inc. (SPS) technically violated the automatic stay, the violation did not give rise to any emotional distress damages, because Richardson's claims of emotional distress were based on non-significant harms that are not compensable as actual damages under 11 U.S.C. § 362(k). *See In re Snowden*, 769 F.3d 651, 655–57 (9th Cir. 2014); *In re McHenry*, 179 B.R. 165, 168–69 (B.A.P. 9th Cir. 1995).[1] Richardson is, however, entitled to attorneys' fees reasonably incurred in prosecuting the stay under § 362(k), including on appeal. *See In re Schwartz-Tallard*, 803 F.3d 1095, 1101 (9th Cir. 2015) (en banc). We therefore reverse as to the issue of attorneys'

---

*** The Honorable Edward R. Korman, United States District Judge for the Eastern District of New York, sitting by designation.

[1] To the extent Richardson argues she is entitled to the $3,100 she paid to SPS during the automatic stay as actual damages for a violation of the stay, we reject this argument because that payment allowed her to stay in her home and avoid foreclosure.

fees and remand to the BAP with instructions to remand to the bankruptcy court for a determination of the amount of attorneys' fees Richardson reasonably incurred in litigating her claim that SPS violated the automatic stay at the bankruptcy court and at the BAP. *See Easley v. Collection Serv. of Nev.*, 910 F.3d 1286, 1293 (9th Cir. 2018).

The bankruptcy court's finding that SPS did not try to collect a personal debt from Richardson after discharge is not clearly erroneous. *See In re Mellem*, 625 B.R. 172, 182–83 (B.A.P. 9th Cir. 2021). Because a secured lien survives a discharge in bankruptcy up to the value of the collateral, *see* 11 U.S.C. § 506(a)(1), SPS was entitled to enforce its lien even though Richardson did not reaffirm her debt to SPS, which would have reaffirmed her personal liability.

The record supports the BAP's conclusion that SPS did not make any effort to collect from Richardson personally; rather, SPS's communications with Richardson related to how she could avoid foreclosure by making mortgage payments, or to the loan modification agreement between Richardson and SPS. Such communications did not violate the discharge injunction. *See In re Garske*, 287 B.R. 537, 545 (B.A.P. 9th Cir. 2002); *see also* 11 U.S.C. § 524(j).

Therefore, the BAP did not err in holding that SPS did not violate the discharge injunction.[2]

**AFFIRMED IN PART; REVERSED IN PART; REMANDED.**[3]

---

[2] Because Richardson does not explain how she was treated differently than other debtors, we reject her claim that her Fourteenth Amendment rights were violated. *See Vill. of Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252, 265 (1977).

[3] We deny as moot Richardson's Motion for Judicial Notice, Dkt. 40, and Richardson's Motion to Strike SPS's Response, Dkt. 46. Each party will bear its own costs on this appeal.