NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 4 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CAROLINE WICHMAN, individually and as successor in interest to Edward Zamora Giron II, deceased,<br><br>　　　　Plaintiff - Appellant,<br><br>　v.<br><br>CITY OF SAN LUIS OBISPO, a municipal entity; COUNTY OF SAN LUIS OBISPO, a municipal entity; BRYAN AMOROSO, an individual; STEVE OROZCO, an individual; IAN PARKINSON, an individual; RICK SCOTT, an individual; DAN DOW,<br><br>　　　　Defendants - Appellees. | No. 24-4518<br><br>D.C. No.<br>2:22-cv-03156-DMG-RAO<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Dolly M. Gee, District Judge, Presiding

Submitted May 29, 2026[**]

Before: RAWLINSON, H.A. THOMAS, and MENDOZA, Circuit Judges.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Caroline Wichman (Wichman) appeals the district court's grant of the motions to dismiss the second amended complaint (SAC) filed by Defendants-Appellees City of San Luis Obispo, County of San Luis Obispo, Bryan Amoroso, Steve Orozco, Ian Parkinson, and Rick Scott. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Wichman's SAC alleged that Defendants-Appellees falsely accused Wichman and her family of committing crimes, subjected Wichman and her family to threats by publicly castigating them, and violated her civil rights. The district court granted the motions to dismiss on the basis that Wichman failed to timely oppose the motion as required by the local rules. Wichman timely appealed.

"The rulings of the district courts regarding local rules are reviewed for abuse of discretion. . . ." *Alliance of Nonprofits for Ins., Risk Retention Grp. v. Kipper*, 712 F.3d 1316, 1327 (9th Cir. 2013) (citation omitted). "Only in rare cases will we question the exercise of discretion in connection with the application of local rules." *Easley v. Collection Serv. of Nev.*, 910 F.3d 1286, 1290 (9th Cir. 2018) (citation omitted).

The district court did not abuse its discretion in granting the motions to dismiss. *See Guam Sasaki Corp. v. Diana's Inc.*, 881 F.2d 713, 718-19 (9th Cir. 1989). Local Rule 7-9 of the Central District of California required Wichman to file an opposition to the motions no later than twenty-one days before the hearing

date for the motions. *See* C.D. Cal. L.R. 7-9. Wichman failed to do so. Under the district's local rules, failure to file a pleading "within the deadline, may be deemed consent to the granting . . . of the motion." C.D. Cal. L.R. 7-12. Although "we afford leeway to pro se parties, who appear without counsel and without the benefit of sophisticated representation," *Huffman v. Lindgren*, 81 F.4th 1016, 1021 (9th Cir. 2023), we have also acknowledged that "there are limits to what a court must do to accommodate a party appearing pro se." *Washington v. Kijakazi*, 72 F.4th 1029, 1040 (9th Cir. 2023) (citations omitted).

Wichman asserts that she made the mistake of not opposing the motions to dismiss because she was unaware that she was required to do so. But, as the district court noted, it had previously granted Wichman an extension to oppose Defendants-Appellees' motions to dismiss, and had "repeatedly considered" untimely documents filed by Wichman. In its order granting the prior motions to dismiss, the court "warned [Wichman] that [a] further failure to timely respond to a pending motion . . . shall result in the dismissal of this action with prejudice." Notwithstanding her pro se status, Wichman "is expected to abide by the rules of the court in which [s]he litigates." *Carter v. Comm'r*, 784 F.2d 1006, 1008 (9th Cir. 1986) (citations omitted). Given that she did not comply with the local rules despite a previous warning, she has not demonstrated that this is one of the "rare cases" in which we "will . . . question the [district court's] exercise of discretion in

connection with the application of local rules." *Easley*, 910 F.3d at 1290 (citation and internal quotation marks omitted)

**AFFIRMED.**