MEMORANDUM *
Debtor, Charles Stinson, appeals a decision of the Bankruptcy Appellate Panel (“BAP”). The creditor, Bi-Rite Restaurant Supply, Inc. (“Bi-Rite”) and its attorney, Cook, Perkiss & Lew (“Cook”), cross-appeal. “Because we are in as good a position as the BAP to review bankruptcy court rulings, we independently examine the bankruptcy court’s decision, reviewing the bankruptcy court’s interpretation of the Bankruptcy Code de novo and its factual findings for clear error.” In re Hatton, 220 F.3d 1057, 1059 (9th Cir.2000).
The bankruptcy court did not abuse its discretion by denying Bi-Rite’s request to retroactively annul the automatic stay. The bankruptcy court properly balanced the equities in the case pursuant to In re National Environmental Waste Corp., 129 F.3d 1052, 1054-56 (9th Cir. 1997), weighing Stinson’s delay in asserting the defense and lack of prejudice against Bi-Rite’s clear notice of the bankruptcy and long-term failure to correct the stay violation. Annulment of the stay is an extraordinary remedy reserved for unusual situations, In re Shamblin, 890 F.2d 123, 126 (9th Cir.1989), and, on this record, the bankruptcy court did not abuse its discretion by refusing to employ this remedy.
This court’s recent decision in In re Dawson, 390 F.3d 1139 (9th Cir.2004), clarified that emotional distress damages are recoverable under Bankruptcy Code § 362(h), even in the absence of economic injuries. Id. at 1146-49. The BAP therefore erred by requiring a finding of economic damages as a prerequisite to emotional distress damages, In re Stinson, 295 B.R. 109, 119-22 (9th Cir.BAP2003), and is reversed in that regard. The bankruptcy court, however, did not clearly err in determining that Stinson had suffered sufficient emotional harm, as corroborated by his wife’s testimony, and that the harm was caused by Cook’s and Bi-Rite’s collection efforts. See Dawson, 390 F.3d at 1149-50. Therefore, the bankruptcy court’s decision awarding emotional distress damages is affirmed.
The bankruptcy court did not abuse its discretion by refusing to award punitive damages. Although § 362(h) permits the recovery of such damages “in appropriate circumstances,” 11 U.S.C. § 362(h), this court has cautioned that punitive damages are only appropriate if there has been “some showing of reckless or callous disregard for the law or rights of others.” In re Bloom, 875 F.2d 224, 228 *32 (9th Cir.1989). Even though the bankruptcy court found Cook had acted “cavalierly” and “nonchalantly” in violation of the stay, it did not find that Cook or Bi-Rite acted with sufficient recklessness or egregiousness to warrant punitive damages. The bankruptcy court has considerable discretion in granting or denying punitive damages under § 362(h), and we cannot say that it abused that discretion in this case.
Finally, the bankruptcy court did not abuse its discretion by awarding Stinson one-fifth of the attorneys’ fees sought, after affording counsel an opportunity to segregate and describe time that was related only to the stay violation. The amended fee request, although more detailed than the first, continued to seek fees for tasks which related to the entire complaint. In this situation, it was not an abuse of discretion for the bankruptcy court to reduce the award pro rata¡ Cf. Dawson, 390 F.3d at 1152-53.
The decision of the BAP is AFFIRMED in part and REVERSED in part, reinstating the decision of the bankruptcy court. Stinson is entitled to attorneys’ fees and costs on appeal with respect to the issue of the availability of emotional distress damages; otherwise, the parties shall bear their own costs on appeal.

 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.