**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

LEYDA SANTALIBRADA CUELLAR,
              *Petitioner-Appellant,*

v.

RICHARD CECIL JOYCE,
              *Respondent-Appellee.*

No. 09-35068

D.C. No.
2:08-cv-00084-RFC

ORDER

Filed May 7, 2010

Before: Alex Kozinski, Chief Judge, Raymond C. Fisher and
Richard A. Paez, Circuit Judges.

## COUNSEL

Sander Bak, Kevin M. Ashby and Robert R. Miller, Milbank,
Tweed, Hadley & McCoy LLP, New York, New York;
Michael Anderson, Anderson & Liechty, P.C., Billings, Montana for the petitioner-appellant.

Martha A. Chapman, Martha A. Chapman, P.A., Orlando,
Florida for the respondent-appellee.

## ORDER

After Richard Joyce abducted his and Leyda Cuellar's child
from Panama, by way of Australia, Cuellar tracked him down
in America and petitioned for the return of the child pursuant
to the Hague Convention on the Civil Aspects of International
Child Abduction. *See Cuellar* v. *Joyce*, 596 F.3d 505, 508
(9th Cir. 2010). We ordered the child returned, and Cuellar

now petitions for an award of attorneys' fees and other costs incurred on appeal.

Congress has provided that a court "ordering the return of a child" under the Hague Convention shall award "necessary expenses incurred by or on behalf of the petitioner . . . unless the respondent establishes that such order would be clearly inappropriate." 42 U.S.C. § 11607(b)(3). Joyce suggests that an award of fees would be clearly inappropriate in this case because Cuellar's lawyers provided their services pro bono, and because Joyce already owes a substantial amount of money to his own lawyers.

As we noted in our opinion, this is not a difficult case; it "falls squarely within the heartland of the Hague Convention." *Cuellar*, 596 F.3d at 511. The only reason the case took as long as it did, and consumed so many valuable resources, was Joyce's dogged refusal to give up custody of the child as required by the Hague Convention. Joyce's litigation tactics were largely intended to "manipulate judicial process for purpose of delay." *Id.* at 512. That delay proved expensive, both for Joyce and for the law firm that represented Cuellar. Having caused that expense, Joyce may not turn it to his own advantage to avoid the mandatory fee-shifting provision of section 11607(b)(3). If Joyce didn't want to bear the cost of delay, he shouldn't have caused it. Better yet, he shouldn't have abducted the child in the first place.

The fact that Cuellar's lawyers provided their services pro bono does not make a fee award inappropriate. Fee awards serve in part to deter frivolous litigation, and denying fees in this case would encourage abducting parents to engage in improper delaying tactics whenever the petitioning parent is represented by pro bono counsel. *Cf. Morrison* v. *CIR*, 565 F.3d 658, 664 (9th Cir. 2009). We see no reason to give abducting parents such a perverse incentive.

Withholding fees from pro bono counsel would also discourage pro bono representation and undermine the Conven-

tion's policy of effective and speedy return of abducted children. *See* Hague Convention on the Civil Aspects of International Child Abduction art. 1, Oct. 25, 1980, T.I.A.S. No. 11670, 1343 U.N.T.S. 89 ("The objects of the present Convention are . . . to secure the prompt return of children . . . and . . . to ensure that rights of custody . . . are effectively respected . . . ."). As Joyce repeatedly emphasized to this court, Cuellar lives in poverty in Panama, *Cuellar*, 596 F.3d at 509, and Joyce may well have hoped that Cuellar would not have the means to hold him to account for his abduction of the child. If not for Cuellar's pro bono counsel, Joyce most likely would have succeeded. An award of fees in this case will encourage other lawyers to advance legal services to impecunious clients in the expectation that they will be compensated if successful. This will help ensure that the Convention not go unenforced merely because a parent whose child is abducted lacks the resources to pay for counsel.

We also agree with Cuellar that reasonable transportation and lodging for her attorney to attend oral argument and post-argument mediation, as well as the cost of shipping briefs and other filings to this court, are "necessary expenses incurred by or on behalf of the petitioner." 42 U.S.C. § 11607(b)(3); *cf. Koch* v. *Koch*, 450 F.3d 703, 719 (7th Cir. 2006) (awarding "transportation costs" under section 11607(b)(3)); *Michigan* v. *EPA*, 254 F.3d 1087, 1096 (D.C. Cir. 2001) (awarding costs incurred during settlement negotiations under statute authorizing award of "costs of litigation"). Withholding costs or fees incurred during mediation would encourage abducting parents to engage in bad-faith settlement negotiations for purposes of delay and would undermine the Convention's interest in prompt resolution of disputes.

We therefore grant Cuellar's motion and refer this matter to the appellate commissioner for a determination of the proper amount of the award.