

FILED

JAN 7 2021

SUSAN M. SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

NOT FOR PUBLICATION

# UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re:<br>WILLIE N. MOON and ADNETTE M.<br>GUNNELS-MOON,<br>　　　　　　Debtors. | BAP Nos. NV-20-1144-BTaF<br>　　　　　NV-20-1155-BTaF<br>　　　　　(Cross-Appeals) |
| RUSHMORE LOAN MANAGEMENT<br>SERVICES, LLC,<br>　　　　　Appellant/Cross-<br>　　　　　Appellee,<br>v.<br>WILLIE N. MOON; ADNETTE M.<br>GUNNELS-MOON,<br>　　　　　Appellees/Cross-<br>　　　　　Appellants. | Bk. No. 13-bk-12466-MKN<br><br><br>**MEMORANDUM**[*] |

Appeal from the United States Bankruptcy Court
for the District of Nevada
Mike K. Nakagawa, Bankruptcy Judge, Presiding

Before:　BRAND, TAYLOR, and FARIS, Bankruptcy Judges.

## INTRODUCTION

Previously, the bankruptcy court determined that Rushmore Loan

---

[*] This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have, *see* Fed. R. App. P. 32.1, it has no precedential value, *see* 9th Cir. BAP Rule 8024-1.

Management Services, LLC ("Rushmore") willfully violated the automatic stay with its postpetition collection efforts against chapter 13[1] debtors Willie Moon and Adnette Gunnels-Moon. The court awarded the Moons compensatory damages of $100,742.10, which included $100,000 for Willie's emotional distress, and $200,000 in punitive damages. The court declined to award damages for Rushmore's violation of the discharge injunction, because the Moons had not established when Rushmore became aware of the discharge order. Those rulings are the subject of another appeal.[2]

Thereafter, the court awarded the Moons their attorney's fees and costs of $67,007.94. It declined to award the Moons a fee enhancement. Rushmore now appeals the fee award; the Moons appeal the court's denial of their request for a fee enhancement. We AFFIRM in part, and VACATE and REMAND in part.

We agree that the Moons are entitled to the attorney's fees and costs they incurred for prosecuting a damages claim against Rushmore for its willful violation of the automatic stay under § 362(k)(1). However, the bankruptcy court erred by failing to state the reasons for the fee award. In addition, in light of our reversal of the damages award to Willie and our

---

[1] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and all "Rule" references are to the Federal Rules of Bankruptcy Procedure.

[2] This Memorandum is entered concurrently with our Memorandum in BAP Nos. NV-20-1057-BGTa & NV-20-1070-BGTa.

remand of the punitive damages award, it is appropriate to allow the bankruptcy court to reconsider the attorney's fee award in all respects.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

After prevailing against Rushmore on their stay violation claim under § 362(k)(1), the Moons sought the attorney's fees and costs they incurred in the action against Rushmore ("Fee Motion"). The Moons did not have a written fee agreement with their attorney Mr. Christopher P. Burke, but it appeared from arguments made in the Fee Motion that any payment of fees to Mr. Burke was contingent upon the outcome of the Moons' action against Rushmore. Mr. Burke stated in his declaration that he spent a total of 112.3 hours "dealing with the actions caused by Rushmore's willful stay violation," and that his hourly rate was $500.00. Itemized time sheets reflecting the tasks and time spent by Mr. Burke were attached. The Moons asked the court to award $56,150.00 as a reasonable attorney's fee and $10,857.94 in costs.[3] They also requested a fee enhancement multiplier of 1.5, which increased the total fee request to $84,225.00.

Rushmore opposed the Fee Motion. First, it argued that the Moons had

---

[3] A majority of the Moons' costs included $8,907.64 spent for their expert witness, John Rao. Rushmore argued before the bankruptcy court that Mr. Rao's fee should be denied for lack of evidentiary support. The Moons later submitted the necessary evidence in their reply. On appeal, Rushmore argues that the Moons should not be awarded Mr. Rao's fee, if we decide in the other appeal that the bankruptcy court erred in allowing his testimony. However, we are affirming the court's decision to allow Mr. Rao's testimony. Rushmore never contested the remainder of the Moons' costs, about $2,000, which was incurred almost entirely for transcripts.

not "incurred" any attorney's fees as "actual damages" under § 362(k)(1), because there was no agreement obligating them to pay Mr. Burke. Further, if Mr. Burke took the case on a contingency fee basis, Rushmore argued that the lack of a written fee agreement precluded a fee award because it violated Nevada Rule of Professional Conduct ("NRPC") 1.5(c), which requires that all contingency fee agreements be in writing. Alternatively, argued Rushmore, if the court was inclined to award the Moons their attorney's fees, any fee award should be attributed only to the time spent on their stay violation claim because they did not succeed on their discharge injunction violation claim. Rushmore also opposed the Moons' request for a fee enhancement.[4]

In reply, the Moons argued that they incurred attorney's fees as actual damages even though they did not pay Mr. Burke for his services. The Moons argued that § 362(k)(1) is a fee-shifting statute, and debtors can recover attorney's fees even in cases where their attorneys have represented them pro bono. The Moons contended that Rushmore lacked standing to raise concerns over the existence of a written fee agreement. They also disagreed that their attorney's fees should be halved. The Moons maintained that they were successful on both of their claims, and the fact the court only awarded damages for Rushmore's stay violation was irrelevant since a court can also

---

[4] Rushmore raised other arguments before the bankruptcy court that it appears to have abandoned on appeal, including that Mr. Burke failed to comply with § 329(a) and Rule 2016, which were not relevant here, and that Mr. Burke's $500.00 hourly rate was not reasonable and should have been no more than $325.00.

award attorney's fees for discharge injunction violations.

After a hearing, the bankruptcy court entered an order on the Fee Motion granting the Moons attorney's fees and costs of $67,007.94, but denying their request for a fee enhancement ("Fee Order"). These timely cross-appeals followed.

## II. JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(1) and (2)(A). We have jurisdiction under 28 U.S.C. § 158.

## III. ISSUES

1.      Did the bankruptcy court abuse its discretion in awarding the Moons attorney's fees under § 362(k)(1)?

2.      Did the bankruptcy court err by awarding the full amount of attorney's fees under § 362(k)(1), when some time was spent on the Moons' claim for violation of the discharge injunction under § 524(a)(2)?

3.      Did the bankruptcy court abuse its discretion by not awarding a fee enhancement?

## IV. STANDARDS OF REVIEW

We review for abuse of discretion an award of attorney's fees under § 362(k). *Easley v. Collection Serv. of Nev.*, 910 F.3d 1286, 1289 (9th Cir. 2018). "We review the factual determinations underlying an award of attorneys' fees for clear error, and the legal premises used by the court to determine the award de novo. If we conclude that the bankruptcy court applied the proper

legal principles and did not clearly err in any factual determination, then we review the award of attorneys' fees for an abuse of discretion." *Eskanos & Adler, P.C. v. Roman (In re Roman),* 283 B.R. 1, 7 (9th Cir. BAP 2002) (internal quotation marks and citations omitted).

The bankruptcy court abuses its discretion if it applies the wrong legal standard or its findings of fact are clearly erroneous. *Olomi v. Tukhi (In re Tukhi),* 568 B.R. 107, 112-13 (9th Cir. BAP 2017) (citing *United States v. Hinkson,* 585 F.3d 1247, 1261-62 (9th Cir. 2009) (en banc)). Factual findings are not clearly erroneous unless they are "(1) illogical, (2) implausible, or (3) without support in inferences that may be drawn from the facts in the record." *Id.* (quoting *Hinkson,* 585 F.3d at 1262).

## V. DISCUSSION

Section 362(k)(1) provides, "an individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages." An award of costs and attorney's fees is mandatory upon a finding that the stay was willfully violated. *Ramirez v. Fuselier (In re Ramirez),* 183 B.R. 583, 589 (9th Cir. BAP 1995) ("The words 'shall recover' indicate that Congress intended that the award of actual damages, costs and attorney's fees be mandatory upon a finding of a willful violation of the stay.") (citing *Tsafaroff v. Taylor (In re Taylor),* 884 F.2d 478, 483 (9th Cir. 1989); *Sansone v. Walsworth (In re Sansone),* 99 B.R. 981, 987 (Bankr. C.D. Cal.

6

1989)).

Rushmore argues that the Moons could not recover attorney's fees as "actual damages" under § 362(k)(1), because they did not "incur" any fees given the lack of a written fee agreement or obligation to pay Mr. Burke. The bankruptcy court did not address this specific issue, finding only that the statutory language does not require an injured individual to have a fee contract with an attorney, and thus the absence of any contract between the Moons and Mr. Burke was immaterial to the recovery of fees and costs. The court did not answer the question whether the Moons "incurred" any attorney's fees if, as Rushmore contends, they had no obligation to pay Mr. Burke. For the following reasons, we hold that attorney's fees and costs are recoverable under § 362(k)(1) even if the debtor is not personally liable for them.

The Ninth Circuit Court of Appeals sitting en banc in *America's Servicing Company v. Schwartz-Tallard (In re Schwartz-Tallard)*, 803 F.3d 1095, 1099-1101 (9th Cir. 2015), held that § 362(k)(1) is a fee-shifting statute that entitles a debtor not only to attorney's fees and costs incurred in ending a stay violation, but also to fees and costs incurred in prosecuting an action for damages from a stay violation and in successfully defending a damages award on appeal. In doing so, *Schwartz-Tallard* expressly overruled *Sternberg v. Johnston*, 595 F.3d 937 (9th Cir. 2010), which held that § 362(k)(1) limited a debtor's recovery only to those attorney's fees and costs incurred in ending a

stay violation. The Circuit Panel in *Sternberg* believed that § 362(k)(1) compelled this result, because the statute made fees recoverable only as a component of the debtor's "actual damages," not as attorney's fees as such. 595 F.3d at 946-47.

While noting that most fee-shifting statutes which deviate from the American Rule authorize the award of a "reasonable attorney's fee" to a "prevailing party" and that § 362(k)(1) was "somewhat unusual in that regard," the *Schwartz-Tallard* court believed the statute's phrasing signaled an intent to permit, not preclude, an award of attorney's fees incurred in pursuing a damages recovery. 803 F.3d at 1099. This interpretation of § 362(k)(1) was consistent with Congress's intent, which is to allow injured debtors the ability to sue to recover the damages the statute authorizes:

> Congress undoubtedly knew that unless debtors could recover the attorney's fees they incurred in prosecuting an action for damages, many would lack the means or financial incentive (or both) to pursue such actions. After all, the very class of plaintiffs authorized to sue—individual debtors in bankruptcy—by definition will typically not have the resources to hire private counsel. And in many cases the actual damages suffered by the injured debtor will be too small to justify the expense of litigation, even if the debtor can afford to hire counsel.
>
> Thus, Congress could not have expected § 362(k) to serve as an effective deterrent unless it authorized recovery of the attorney's fees incurred in prosecuting an action for damages. In that respect, § 362(k) is no different from the many statutes Congress has enacted "making it possible for persons without means to bring suit

8

to vindicate their rights." *Perdue v. Kenny A.*, 559 U.S. 542, 559 (2010).

*Id.* at 1100 (some internal citations omitted). *See also Blixeth v. Yellowstone Mountain Club, LLC*, 854 F.3d 626, 629 n.3 (9th Cir. 2017) (*Schwartz-Tallard* "read[] § 362(k) as a fee-shifting provision rather than as a damages provision[.]").

In *Easley*, 910 F.3d at 1288, the Ninth Circuit took *Schwartz-Tallard* one step further, holding that § 362(k)(1) also entitles a debtor to attorney's fees and costs incurred in successfully challenging a damages award on appeal. The *Easley* court again noted that § 362(k)(1) "operates as a fee-shifting statute" and "serves a deterrent function much like many fee-shifting statutes." *Id.* at 1291 (citing *City of Burlington v. Dague,* 505 U.S. 557, 574-75 (1992)).

> Imposition of damages and attorneys' fees and costs is essential to deter creditors from violating an automatic stay and protect debtors' assets for proper adjudication through the bankruptcy process. Recovery of attorneys' fees and costs is especially critical in the bankruptcy context where debtors lack the means to otherwise pursue their damages.

*Id. Cf. Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986) (reasoning that, where the purpose of a fee-shifting statute is to enable private parties to obtain legal help in seeking redress for injuries, "if plaintiffs . . . find it possible to engage a lawyer based on the statutory assurance that he will be paid a 'reasonable fee,' the purpose behind the

fee-shifting statute has been satisfied").

While these cases do not address the precise issue before us, they are instructive for our analysis. The Supreme Court and the Ninth Circuit Court of Appeals have held under other federal fee-shifting statutes that attorney's fees and costs are "incurred" even when the plaintiff is not personally liable for them. This is true whether counsel is representing the plaintiff on a contingent fee basis or *pro bono publico. See Blanchard v. Bergeron*, 489 U.S. 87, 94 (1989) (pro bono representation does not bar the award of a reasonable attorney's fee under 42 U.S.C. § 1988(b) [civil rights statute]); *Cuellar v. Joyce*, 603 F.3d 1142, 1143 (9th Cir. 2010) (petitioner "incurred" attorney's fees for purposes of 42 U.S.C. § 11607(b)(3) [Hague Convention on the Civil Aspects of International Child Abduction] even though her lawyers provided their services pro bono); *Nadarajah v. Holder*, 569 F.3d 906, 916 (9th Cir. 2009) ("'It is well-settled that an award of attorney's fees [under the Equal Access to Justice Act] is not necessarily contingent upon an obligation to pay counsel. . . The presence of an attorney-client relationship suffices to entitle prevailing litigants to receive fee awards.'") (quoting *Ed A. Wilson, Inc. v. Gen. Servs. Admin.*, 126 F.3d 1406, 1409 (Fed. Cir. 1997)); *Gotro v. R & B Realty Grp.*, 69 F.3d 1485, 1488 (9th Cir. 1995) (plaintiff who is represented on a contingent fee basis "incurs" the "actual expense" of an attorney's fee under 28 U.S.C.

§ 1447(c)[5] [removal statute containing language similar to § 362(k)(1)]). *See also Flores v. Oh (In re Oh)*, No. NC-07-1325-MdKB, 2008 WL 8448837, at *12 (9th Cir. BAP Apr. 16, 2008) (pre-*Schwartz-Tallard* Panel rejecting the argument that debtor could not recover attorney's fees under former § 362(h) because he had not paid his attorney, noting that even parties represented pro bono may recover fees and citing *First Card v. Hunt (In re Hunt)*, 238 F.3d 1098, 1104-05 (9th Cir. 2001) (allowing debtor to recover attorney's fees under § 523(d) despite that he was represented by counsel pro bono)).

We also find bankruptcy court decisions within our circuit addressing the issue before us highly persuasive. In *Dawson v. Washington Mutual Bank (In re Dawson)*, 346 B.R. 503, 516-17 (Bankr. N.D. Cal. 2006), a pre-*Schwartz-Tallard* case, the bankruptcy court rejected defendant's argument that the debtor could not recover attorney's fees under former § 362(h), because the services were provided on a contingent fee basis and therefore did not constitute "actual damages." Relying on *Gotro* and similarities in the language of § 362(h) and the removal statute, 28 U.S.C. § 1447(c), the bankruptcy court held that attorney's fees were recoverable as actual damages though the services were performed on a contingent fee basis and the debtor was not personally liable for them. Another bankruptcy judge in the same district

---

[5] 28 U.S.C. § 1447(c) provides in relevant part: "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."

adopted *Dawson*, holding that the debtor "incurred" attorney's fees and costs under former § 362(h) despite having only a contingent fee agreement with his attorney – e.g., counsel had agreed to limit her fees and costs to those ultimately recovered from defendants. *Bertuccio v. Cal. State Contractors License Bd. (In re Bertuccio)*, No. 04-56255, 2009 WL 3380605, at *7 & n.4 (Bankr. N.D. Cal. Oct. 15, 2009), *aff'd sub nom. Emp't Dev. Dep't v. Bertuccio*, No. 09-CV-05209, 2011 WL 1158022 (N.D. Cal. Mar. 28, 2011).

In its reply brief, Rushmore cites several cases which it argues are the "majority standard" and support its position that the Moons were not entitled to any fee award under § 362(k)(1). However, these cases are factually distinguishable, or do not hold what Rushmore contends they do, or, most importantly, flat-out contradict Ninth Circuit law because they hold that § 362(k)(1) is not a fee-shifting statute. *See Heupel v. Nielsen (In re Nielsen)*, No. 16-00081, 2017 WL 57260, at *6 (D. Colo. Jan. 4, 2017) (holding that § 362(k) is not a fee-shifting statute but concluding that debtors "incurred" attorney's fees despite no obligation to pay them out-of-pocket because debtors were responsible for paying their attorneys under the contingency fee agreements); *Dean v. Carr (In re Dean)*, 490 B.R. 662, 670 (Bankr. M.D. Pa. 2013) (citing cases holding that § 362(k)(1) is not a fee-shifting statute and concluding that debtor did not incur "actual damages" of attorney's fees because she was represented pro bono and would never be liable for fees); *In re Thompson*, 426 B.R. 759, 765-67 (Bankr. N.D. Ill. 2010) (holding that § 362(k)(1) is not a typical

12

fee-shifting statute like 42 U.S.C. § 1988(b) and, in any case, debtor's counsel had waived any right to an attorney's fee for the appeal); *Hutchings v. Ocwen Fed. Bank FSB (In re Hutchings)*, 348 B.R. 847, 910 (Bankr. N.D. Ala. 2006) (concluding that debtor could not recover attorney's fees and costs since he neither paid his attorney nor incurred any personal obligation to do so); *In re Hedetneimi*, 297 B.R. 837, 843 (Bankr. M.D. Fla. 2003) (concluding, without analysis, that debtor was not entitled to an attorney's fee because she was represented pro bono and was not responsible for the payment of fees).

*Schwartz-Tallard*, *Blixeth*, and *Easley* have made it clear that § 362(k)(1) is a fee-shifting statute, and our interpretation here promotes the statute's policy purpose as stated in those authorities. To hold that a debtor "incurs" the "actual damages" of attorney's fees only if the debtor is personally liable for paying them would defeat the statute's purpose:  making it possible for injured, impecunious debtors to obtain counsel to bring suit and vindicate their rights against violators of the automatic stay.

Accordingly, the Moons "incurred" and could recover attorney's fees and costs under § 362(k)(1) even though they had not paid any fees to Mr. Burke nor were they expected to pay him out-of-pocket for his services. Rushmore does not dispute that the Moons and Mr. Burke have an attorney-client relationship. Although it would have been better practice for Mr. Burke to have entered into a written fee agreement with the Moons, the lack of such an agreement is not fatal since the presence of an attorney-client relationship

suffices to entitle the Moons to a fee award. *Nadarajah*, 569 F.3d at 916.[6]

Further, to the extent it was necessary, the Moons' testimony established that they were obligated to pay Mr. Burke in the event they prevailed and there was a recovery of attorney's fees from Rushmore. Both Willie and Adnette stated their belief that, if they prevailed against Rushmore, the court would award them damages and attorney's fees. Notwithstanding that the Moons are lay persons and their testimony may not have been precise, it is reasonable to infer that they intended to turn over to Mr. Burke whatever amount of attorney's fees they were awarded in the action against Rushmore.

While we agree that the Moons are entitled to a reasonable attorney's fee, we must vacate the fee award and remand the matter to the bankruptcy

---

[6] Rushmore argued before the bankruptcy court and argues on appeal that a written fee agreement was necessary between the Moons and Mr. Burke under NRPC 1.5(c). That rule, in relevant part, states:

> A fee may be contingent on the outcome of the matter for which the service is rendered, except in a matter in which a contingent fee is prohibited by paragraph (d) or other law. A contingent fee agreement shall be in writing, signed by the client[.]

The bankruptcy court determined that Mr. Burke was not seeking a contingency fee. We agree that, in the traditional sense, — i.e., payment via a percentage of the client's recovery — he was not seeking such a fee. Rushmore argues this is of no moment, that NRPC 1.5(c) requires a written fee agreement when the fee is "contingent on the outcome" of the matter, which this was. First, this argument is focused primarily, if not exclusively, on Rushmore's contention that Mr. Burke could not recover fees under a quantum meruit theory, which we need not address given our decision. Second, Rushmore fails to cite any Nevada authority where an attorney was denied fees or a fee was reduced in a fee-shifting context because of the lack of a written fee agreement.

court to determine the amount of fees to be awarded. Rushmore argues that the bankruptcy court erred by awarding the Moons all of their attorney's fees under § 362(k)(1), when some of the fees were for time spent on their discharge injunction violation claim under § 524(a)(2), which they lost. The Moons made no effort to segregate time spent on the stay violation from time spent on the discharge injunction violation. Further, the bankruptcy court did not explain, either legally or factually, why it awarded attorney's fees under § 362(k)(1) for what appears to be time spent on the discharge injunction violation. *See Stinson v. Bi-Rite Rest. Supply Inc. (In re Stinson)*, 295 B.R. 109, 118-19 & n.7 (9th Cir. BAP 2003), *rev'd in part on other grounds*, 128 F. App'x 30 (9th Cir. 2005) (affirming order awarding only those fees for time spent on stay violation claim, the only claim on which debtor succeeded).

Despite our general deference to the bankruptcy court's discretion in determining the reasonableness of an attorney's fee, the court must include a "concise but clear" explanation for its fee award. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983) (discussing 42 U.S.C. § 1988); *Gates v. Deukmejian*, 987 F.2d 1392, 1398 (9th Cir. 1992) (same); *In re Dutta*, 175 B.R. 41, 46 (9th Cir. BAP 1994) (discussing § 330(a) and citing *Hensley*). This requires "some indication of how it arrived at the amount of compensable hours for which fees were awarded to allow for meaningful appellate review." *Gates*, 987 F.2d at 1398 (citing *Cunningham v. Cty. of L.A.*, 879 F.2d 481, 485 (9th Cir. 1988)). The bankruptcy court did not do that here. *See In re Dutta*, 175 B.R. at 46 (absent a

sufficient explanation, the fee award must be remanded for the court to provide one). Further, because we have reversed the award of damages to Willie and remanded the punitive damages award for the bankruptcy court to review in light of our decision, it is appropriate to allow the court to reconsider the amount of the attorney's fee award and whether a fee enhancement is appropriate.

## VI. CONCLUSION

For the reasons stated above, we AFFIRM the Fee Order with respect to the bankruptcy court's ruling that the Moons were entitled to attorney's fees for Rushmore's willful violation of the automatic stay under § 362(k)(1), and we AFFIRM the Fee Order with respect to the amount of costs awarded. However, because of our decision with respect to the Moons' other damages and our inability to provide meaningful review of the amount of fees awarded, we VACATE and REMAND that portion of the Fee Order for further consideration by the bankruptcy court.